## 1650 Shomera LLC v City of New York

2024 NY Slip Op 30283(U)

January 23, 2024

Supreme Court, New York County

Docket Number: Index No. 151328/2023

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. JUDY H. KIM**           PART              **05RCP**

*Justice*

-------------------------------------------------------------------------X

|  |  |
|---|---|
| 1650 SHOMERA LLC, | **INDEX NO.**     151328/2023 |
| Petitioner, | **MOTION DATE**     09/05/2023 |
|  | **MOTION SEQ. NO.**     001 |
| - v - |  |
| CITY OF NEW YORK, NEW YORK CITY OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS, NYC DEPARTMENT OF BUILDINGS, | **DECISION + ORDER ON MOTION** |
| Respondents. |  |

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22

were read on this motion for              ARTICLE 78 (BODY OR OFFICER)    .

For the reasons set forth below, the Petition is denied and dismissed.

## FACTUAL BACKGROUND

Petitioner is a limited liability corporation and the owner of 1650 Montgomery Avenue Bronx, NY 10453 (the "Building"). On May 19, 2020, the New York City Department of Buildings (the "DOB") issued notice of violation 039022449K (the "NOV") to petitioner for illegally converting a dwelling from a two-family dwelling to a four-family dwelling. Petitioner asserts that it was not properly served with the NOV. A hearing on this notice of violation was scheduled before the New York City Office of Administrative Trials and Hearings ("OATH") on August 17, 2020, but petitioner failed to appear and OATH issued a decision and order on default, imposing a penalty of $70,000.00 (NYSCEF Doc. No. 16).

**151328/2023 1650 SHOMERA LLC vs. CITY OF NEW YORK ET AL**
**Motion No. 001**

Page 1 of 4

[* 1]

On October 12, 2020, petitioner moved to vacate the default and schedule a new hearing date. On December 7, 2020, OATH denied petitioner's motion. On or about December 20, 2020, petitioner filed a second motion to vacate the default. On or about January 29, 2021, OATH denied petitioner's second request for a hearing, as duplicative. Subsequently, petitioner filed additional, repetitive motions with OATH to vacate its default, which were all denied as improper requests for reconsideration.

On February 9, 2023, petitioner commenced the instant Article 78 proceeding seeking an order vacating of the OATH decision denying its motion to vacate the default judgment, arguing that this denial was arbitrary and capricious as a matter of law per OATH standards and precedent because petitioner was not properly served and he was out of the country on the scheduled hearing date.

Respondents' cross-move, pursuant to CPLR §3211(a)(5), to dismiss this proceeding, arguing that the petition is barred by the four-month statute of limitations set forth in CPLR §217(1).

Petitioner has not submitted opposition to respondents' cross-motion.

## DISCUSSION

CPLR §3211(a)(5) provides that a party may move to dismiss a claim where the cause of action may not be maintained due to, inter alia, commencement past the applicable limitations period. A defendant who seeks dismissal pursuant to this provision bears the initial burden of establishing prima facie that the time in which to sue has expired (See Singh v New York City Health and Hospitals Corp., 107 AD3d 780 [2d Dept 2013]). The burden then shifts to plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable (Id).

**151328/2023  1650 SHOMERA LLC vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

Page 2 of 4

2 of 4

[* 2]

A special proceeding commenced pursuant to Article 78 to challenge an administrative agency's final determination, such as this one, must be made within four months after the determination becomes final (CPLR §217[1]). A party who has received a default determination at an OATH hearing may request a new hearing (48 RCNY §6-21[a]) but a denial of such a request constitutes a final determination not subject to further review by or appeal to OATH (See 48 RCNY §6-21[j]). Therefore, OATH's denial of petitioner's motion to vacate its default was a final determination,[1] and the mailing of this denial to petition on December 8, 2020 (NYSCEF Doc. No. 18) commenced the four-month window for petitioner to bring an Article 78 proceeding, which window closed on April 8, 2021. As petitioner commenced this special proceeding on February 9, 2023, well beyond this four month window, it is dismissed as untimely.

**ORDERED** and **ADJUDGED** that the petition is denied and it is further

**ORDERED** and **ADJUDGED** that the cross-petition is granted and this special proceeding dismissed; and it is further

**ORDERED** that respondents are directed to serve a copy of this order, with notice of entry, on petitioner as well as on the Clerk of the Court (60 Centre St., Room 141B) and the Clerk of the General Clerk's Office (60 Centre St., Room 119) within ten days from entry; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment accordingly; and it is further

**ORDERED** that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website

---

[1] Once an agency renders its final determination, a petitioner's further inquiry or request for reconsideration of that determination will not restart or toll the four-month statute of limitation (See 48 RCNY §6-21[i]).

**151328/2023 1650 SHOMERA LLC vs. CITY OF NEW YORK ET AL** Page 3 of 4
**Motion No. 001**

[* 3]

at the address www.nycourts.gov/supctmanh).

This constitutes the decision, order, and judgment of the Court.

_____1/23/2024_____
DATE

_____
HON. JUDY H. KIM, J.S.C.

| CHECK ONE: | | [X] | CASE DISPOSED | | [ ] | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | [ ] | GRANTED | [X] DENIED | [ ] | GRANTED IN PART | [ ] | OTHER |
| APPLICATION: | | [ ] | SETTLE ORDER | | [ ] | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | [ ] | INCLUDES TRANSFER/REASSIGN | | [ ] | FIDUCIARY APPOINTMENT | [ ] | REFERENCE |

**151328/2023  1650 SHOMERA LLC vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 4 of 4**